IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:02CR47
                                        (STAMP)
ANTHONY DUANE SCOTT,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE**

I.  Procedural History

On December 12, 2005, the pro se defendant, Anthony Duane Scott, filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

This Court referred the case to United States Magistrate Judge James E. Seibert pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), to recommend a disposition of this matter. The magistrate judge ordered the government to respond to the § 3582 motion for reduction of sentence. On January 27, 2006, the government filed a response, to which the defendant replied.

On May 22, 2006, Magistrate Judge Seibert filed a report recommending that the defendant's § 3582 motion for a reduction of sentence be denied. In addition, the magistrate judge recommended that the defendant's request for an evidentiary hearing be denied as moot. The magistrate judge then informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy

of his recommendation.  On June 9, 2006, the defendant filed an objection to the magistrate judge's report conceding that Booker does not qualify as a change to the Guidelines by the Sentencing Commission.  The defendant, however, asserts that 28 U.S.C. § 3582(c)(2)is applicable because the Guidelines were adequately changed by "judicial interpretation."  (Def.'s § 3582 Resp. at 3-4.)

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made.  As to those portion's of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  Because an objection has been filed, this Court reviews the opinion of the magistrate de novo and finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II.  Facts

In September 2002, the defendant was named in a one-count indictment charging him with possession with intent to distribute in excess of five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  On April 13, 2003, the defendant plead guilty to possession with the intent to distribute more than five grams of cocaine base and was sentenced to 210-months of incarceration.  The defendant did not appeal his sentence.

III. <u>Applicable Law</u>

Under limited circumstances, a court can modify a prisoner's sentence pursuant to 18 U.S.C. § 3582(c)(2). A court may modify a sentence issued under the Sentencing Guidelines if the Sentencing Commission lowers the Guideline range under which the prisoner was sentenced.

Specifically, 18 U.S.C. § 3582 states in pertinent part:

(c) **Modification of an imposed term of imprisonment.** The court may not modify a term of imprisonment once it has been imposed except that --

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)[1] to the extent that they are applicable,

---

[1] Title 18, United States Code, Section 3553(a) states that the court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need of the sentence imposed --
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentences and the sentencing range established for --
    (A) the applicable category of offense committed by the applicable category of

if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). (See also Report and Recommendation 1-2.)

## IV. Discussion

The defendant argued that his sentence should be reduced pursuant to 18 U.S.C. § 3582 and United States v. Booker, 543 U.S. 220 (2005). Specifically, the defendant argued that Booker constitutes a change in the Guidelines "that implicates the provisions of 18 U.S.C. § 3582(c)(2)" and results in the possibility of a lower sentencing range. (Def.'s § 3582 Mot. at 14.)

In response, the government asserted that the defendant's § 3582 motion is untimely and that Booker does not provide retroactive relief for federal prisoners. The government also argued that the defendant's motion should be dismissed because

---

<blockquote>
defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 944(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 944(a)(3) of title 28, United States Code;
</blockquote>
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 944(a)(2) that is in effect on the date the defendant is sentenced;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

§ 3582 does not apply based on the factors listed in 18 U.S.C. § 3553(a).[2]

The magistrate judge recommended that defendant's request for an evidentiary hearing be denied as moot and request for reduction of sentence be denied. In the defendant's objections, he argues that all mandatory provisions of the Guidelines have been amended by Booker. The defendant asserts that the Guidelines are not mandatory, and therefore, his sentence should be reduced.

The magistrate judge correctly stated that this Court is precluded from modifying the defendant's sentence under § 3582 because there is no change in the Sentencing Guidelines which would justify a sentence reduction. The magistrate judge noted that the Supreme Court's decision in Booker is not a reduction of the Guideline sentences by the Sentencing Commission. Booker, 543 U.S. at 259; United States v. Price, 483 F.3d 1005, 1007 (10th Cir. 2006). Rather, the Supreme Court's decision rendered the Sentencing Guidelines advisory instead of mandatory. Booker, 543 U.S. at 259. In addition, the defendant's conviction became final pre-Booker, and under Fourth Circuit law, Booker is not retroactive. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, Booker does not apply to the defendant's sentence.

Tillitz v. United States, 2005 WL 2921957, slip op. at 6 (W.D. Wash., Nov. 3, 2005), held that 18 U.S.C. § 3582(c)(2) does not

---

[2]Supra n. 1.

5

authorize the court to reduce an imprisonment based upon a Supreme Court decision. Moreover, the defendant's § 3582 motion fails to satisfy the requirements of 18 U.S.C. § 3582 because <u>Booker</u>, even if assumed to be applicable, did not lower the Sentencing Guidelines. <u>United States v. Irick</u>, No. 5:97-0567, 2005 U.S. Dist. Lexis 30243 at *2 (D.S.C. Feb. 24, 2005), <u>aff'd</u>, 142 Fed. Appx. 758 (4th Cir. 2005). Based upon the above stated facts, the defendant cannot obtain relief under § 35822(c)(2).

Accordingly, this Court finds that the defendant's § 3582 motion must be denied, and thus, the defendant's motion for an evidentiary hearing must be denied as moot.

## V. <u>Conclusion</u>

This Court finds that Magistrate Judge Seibert has examined the defendant's claim carefully and has provided clear explanations for his recommendations. After <u>de novo</u> consideration of the record, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation. Accordingly, for the reasons stated above, it is hereby ORDERED that the defendant's motion pursuant to 18 U.S.C. § 3582 for a reduction of sentence is DENIED WITH PREJUDICE. In addition, the motion for an evidentiary hearing is hereby DENIED AS MOOT. It is further ORDERED that this action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court advises defendant that pursuant to Rule of Appellate Procedure 4(a)(1)(B), he has sixty days from the date of

the entry of this memorandum opinion and order to file his notice of appeal in the appropriate court.

IT IS SO ORDERED.

The clerk is directed to transmit copies of this order to the pro se defendant and to counsel of record herein.

DATED:   August 10, 2006

>                             /s/ Frederick P. Stamp, Jr.
>                             FREDERICK P. STAMP, JR.
>                             UNITED STATES DISTRICT JUDGE